## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: K.S.

No. 13-0136 (Kanawha County 11-JA-70)

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Sharon K. Childers. This appeal arises from the Circuit Court of Kanawha County, which terminated petitioner's parental rights on January 14, 2013. The guardian ad litem for the child, Frank T. Litton Jr., has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2011, the DHHR filed the underlying petition of the instant case. The petition alleged that petitioner left her child, who was two years old at the time, unattended in a hotel room while she went out to a bar. After getting into an altercation at the bar, she was arrested for child neglect and obstructing an officer. The petition further discussed petitioner's past history with the child's father and two other children to whom her parental rights were terminated in 2005. At the time the DHHR filed its petition, the child's father was incarcerated for maliciously wounding petitioner after he stabbed petitioner multiple times in the child's presence. Petitioner Mother was concurrently on probation for a 2008 conviction for delivering cocaine, but later returned to incarceration after violating probation. At adjudication, petitioner stipulated to abuse and neglect of K.S. and agreed to participate in an inpatient substance abuse program. Such participation allowed her release from incarceration as a condition of probation. Because she subsequently left the program without completing it, she was again ordered to return to jail. After the December of 2012 dispositional hearing, the circuit court terminated petitioner's parental rights to the subject child. From this order, petitioner brings this appeal.

Petitioner Mother argues five assignments of error. In her first two issues, she argues that the circuit court erred in terminating her parental rights when she was denied an opportunity for a meaningful improvement period because the DHHR did not provide previously ordered reunification services to her. Next, petitioner argues that the circuit court erred in terminating her parental rights because the termination was based in significant part on her lack of financial resources. She asserts that she attempted to secure proper housing in order to receive a proper

1

home plan; however, because she lacked financial resources, she was unable to do so. Petitioner further argues that the DHHR caseworker had very little contact with her throughout the case.

Petitioner Mother also argues that the DHHR did not meet its burden in proving that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Petitioner asserts that her incarceration should not have been a factor in the circuit court's decision to terminate her parental rights. She reiterates that she was denied a meaningful improvement period without services provided by the DHHR, as ordered. Lastly, petitioner argues that the circuit court erred in not addressing the issue of post-termination visitation between petitioner and her child. Petitioner argues that, during the proceedings, no evidence was provided to show that post-termination visitation would not have been in the child's best interests or that it would have unreasonably interfered with the child's placement.

In response to petitioner's arguments, the child's guardian ad litem and the DHHR contend that the circuit court committed no errors or abuse of discretion in this case. They highlight petitioner's failure to complete her inpatient substance treatment and that, during her psychological evaluation, she unabashedly expressed that she intended to resume illicit drug use once released from custody. Respondents further argue that petitioner has failed to accept responsibility for her drug and alcohol use and has failed to make any meaningful changes throughout her extensive history with the DHHR. The guardian ad litem also raises that petitioner's financial status does not bear any weight on the fact that she left her substance abuse treatment and highlights that the psychological reports indicated that supervised visitation would not be beneficial or appropriate for the child.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error or abuse of discretion in the circuit court's rulings in this case, including its termination of petitioner's parental rights. The circuit court granted petitioner a post-adjudicatory improvement period, pursuant to West Virginia Code § 49-6-12, to which petitioner did not fully comply. It thereafter did not abuse its discretion when it

denied her motion for an improvement period at disposition. Petitioner's assertion that she did not receive ordered services from the DHHR does not warrant reversal. Nothing in the record submitted on appeal supports her argument that the DHHR did not provide any services. Rather, the record indicates that petitioner did not take advantage of the services provided to her. Moreover, the circuit court found that the DHHR did not have the obligation to make reasonable efforts to reunify petitioner with her child pursuant to West Virginia Code § 49-6-5(a)(7)(B)(iv). We find it more significant that petitioner has denied her substance abuse issues and failed to comply with provided treatment than her arguments concerning consideration of her financial status and periods of incarceration. We find that the circuit court was presented with sufficient evidence that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. With regard to petitioner's argument concerning post-termination visitation, we find no support in the record on appeal that she raised this issue before the circuit court. Accordingly, we decline to address this issue on appeal.

For the foregoing reasons, we affirm the circuit court's termination of parental rights.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II